UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST; PUGET SOUND ELECTRICAL WORKERS PENSION TRUST; PUGET SOUND ELECTRICAL WORKERS 401(k) SAVINGS PLAN TRUST; and PUGET SOUND ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA ELECTRIC, LLC, a Washington limited liability company; and SPENCER TOMLINSON, an individual,<br><br>Defendants. | Case No. 2:25-cv-01684<br><br>COMPLAINT FOR MONETARY DAMAGES |

## I. PARTIES

1.1    Plaintiff Puget Sound Electrical Workers Healthcare Trust (the Healthcare Trust) is a Taft-Hartley trust fund created for the purpose of providing eligible employees, dependents, and beneficiaries with healthcare, vacation, and related benefits. It maintains its principal and administrative offices in Mercer Island, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES – 1
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552

1.2     Plaintiff Puget Sound Electrical Workers Pension Trust (the Pension Trust) is a Taft-Hartley trust fund created for the purpose of providing benefits for the support of eligible employees after retirement and/or their beneficiaries pursuant to a pension plan.  It maintains its principal and administration offices in Mercer Island, King County, Washington.

1.3     Plaintiff Puget Sound Electrical Workers 401(k) Savings Plan Trust (the 401(k) Trust) is a Taft-Hartley trust fund created for the purpose of providing support of eligible employees after retirement and their beneficiaries pursuant to a 401(k) savings plan.  It maintains its principal and administration offices in Mercer Island, King County, Washington.  It was formerly known as the Local 46 Retirement Annuity Trust.

1.4     Plaintiff Puget Sound Electrical Joint Apprenticeship & Training Trust (the Apprenticeship & Training Trust) is a Taft-Hartley trust fund created for the purpose of providing education benefits to eligible employees.  It maintains its principal and administrative offices in Mercer Island, King County, Washington.

1.5     The Plaintiffs are commonly known as the Puget Sound Electrical Workers Trust Funds (the Trust Funds).

1.6     Defendant Tesla Electric, LLC (Tesla Electric) is a Washington limited liability company with its principal place of business in Bonney Lake, Pierce County, Washington.  At all times relevant, Tesla Electric conducted business in this District.

1.7     Defendant Spencer Tomlinson is an individual believed to be residing in Bonney Lake, Pierce County, Washington.   Upon information and belief, Tesla Electric is owned by Mr. Tomlinson.  Upon information and belief, Mr. Tomlinson controls the company's finances.

COMPLAINT FOR MONETARY DAMAGES – 2
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552

## II. JURISDICTION AND VENUE

2.1 This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. §1132(e)(1). This Court has supplemental jurisdiction over the claims against Defendant Tomlinson under 28 U.S.C. §1367.

2.2 Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

## III. FACTS

3.1 On or about April 11, 2016, Spencer Tomlinson, identifying himself as the "Owner" of Tesla Electric, executed a Letter of Assent with the Puget Sound Chapter, NECA (NECA) and the IBEW Local 46 Union (the Union). The Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize Puget Sound Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved Inside Construction labor agreement between the Puget Sound Chapter, NECA and Local Union 46, IBEW. In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the 11th day of April, 2016. It shall remain in effect until terminated by the undersigned employer giving written notice to the Puget Sound Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

3.2 Signing the Inside Construction Letter of Assent made Tesla Electric party to the Inside Construction Master Labor Agreement by and between Puget Sound Chapter, National Electrical Contractors Association, Inc. and Local Union No. 46, International Brotherhood of Electrical Workers. The relevant versions of the Inside Construction Master Labor Agreement were effective June 1, 2021 through May 31, 2024 and June 1, 2024 through May 31, 2027. The

COMPLAINT FOR MONETARY DAMAGES – 3
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552

Inside Construction Master Labor Agreement contains an evergreen clause and remains in effect until termination or replacement by a subsequent master labor agreement.

Inside Construction Master Labor Agreement contains an evergreen clause and remains in effect until termination or replacement by a subsequent master labor agreement.

3.3     On or about April 10, 2019, Spencer Tomlinson, again identifying himself as the "Owner" of Tesla Electric, executed a Letter of Assent with the Puget Sound Chapter, NECA (NECA) and the IBEW Local 46 Union (the Union). The Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize Puget Sound Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved Residential labor agreement between the Puget Sound Chapter, NECA and Local Union 46, IBEW. In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the 10th day of April, 2019. It shall remain in effect until terminated by the undersigned employer giving written notice to the Puget Sound Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

3.4     Signing the Residential Letter of Assent made Tesla Electric party to the Residential Master Labor Agreement by and between Puget Sound Chapter, National Electrical Contractors Association, Inc. and Local Union No. 46, International Brotherhood of Electrical Workers. The relevant version of the Residential Master Labor Agreement was effective June 1, 2021 through May 31, 2024. The current version of the Inside Construction Master Labor Agreement is effective June 1, 2025 through May 31, 2027. The Residential Master Labor Agreement contains an evergreen clause and remains in effect until termination or replacement by a subsequent master labor agreement.

3.5     Under the terms of the Master Labor Agreements, Tesla Electric agreed to pay fringe benefits to the Trust Funds monthly, for each hour of covered work performed by employees of the company.

COMPLAINT FOR MONETARY DAMAGES – 4
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA 99201
(509) 326-1552

3.6     The Trust Funds are beneficiaries of the Master Labor Agreement.

3.7     Pursuant to the terms of the Master Labor Agreement, Tesla Electric agreed to pay all fringe benefit contributions to the Trust Funds' designated administration office in Mercer Island, King County, Washington.  The Trust Funds' administration office collects all fringe benefit contributions and other amounts listed on the monthly remittance reports and as specified in the Master Labor Agreement.

3.8     Tesla Electric was required to provide its monthly reports and contributions payments to the Trust Funds' administration office no later than the 15th of each month following the month in which the hours were worked.  Tesla Electric also agreed to pay the Trust Funds liquidated damages, interest, attorney fees, and costs of collection for any delinquency.

3.9     As a signatory to the Master Labor Agreements, Tesla Electric agreed to the terms of the (i) Puget Sound Electrical Workers Healthcare Trust; (ii) Puget Sound Electrical Workers Pension Trust; (iii) Puget Sound Electrical Workers 401(k) Savings Plan Trust; and (iv) Puget Sound Electrical Workers Joint Apprenticeship and Training Trust; as well as the National Electrical Benefit Fund and other ancillary funds.

3.10    Tesla Electric's obligations to the Healthcare Trust are set forth in Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the Trust Agreement Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund, dated February 23, 1954, and as amended.  Under the Healthcare Trust, Tesla Electric agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargain agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

COMPLAINT FOR MONETARY DAMAGES – 5
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.11   Tesla Electric's obligations to the Pension Trust are set forth in Article IV of the Puget Sound Electrical Workers Pension Trust, Trust Agreement, amended and restated effective January 1, 2004.  Under the Pension Trust, Tesla Electric agreed to among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.12   Tesla Electric's obligations to the 401(k) Trust are set forth in Article IV of the Puget Sound Electrical Workers 401(k) Savings Plan Trust, dated September 1, 2016.  Under the 401(k) Trust, Tesla Electric agreed to, among other things:

- Submit its reports and payments on or before the 15th day of the calendar month following the month in which the hours were worked;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies of twelve percent (12%) per annum; and

COMPLAINT FOR MONETARY DAMAGES – 6
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552

- Payment of the Trust Fund's attorney fees and costs of collection.

3.13   Tesla Electric's obligations to the Apprenticeship & Training Trust are set forth in Section 20 of the Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement, dated November 6, 2000.  Under the Apprenticeship & Training Trust, Tesla Electric agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or twenty-five dollars ($25.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve (12) percent per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.14   Each of the trust agreements contains clauses which require signatory employers such as Tesla Electric to submit to an audit by the Trust Funds of the company's payroll and related business records.

3.15   Following execution of the Letter of Assent, Tesla Electric employed workers subject to the scope of the Master Labor Agreements.

3.16   In September 2024, the Trust Funds' administration office referred Tesla Electric for collections because the company had not provided its monthly remittance reports and contributions for the period May 2024 through July 2024.

3.17   Tesla Electric's delinquency generally continued through April 2025.

COMPLAINT FOR MONETARY DAMAGES – 7
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552

...

3.18  Tesla Electric subsequently paid all contributions owed for July 2024 through March 2025 and May 2025. Tesla Electric generally did not pay the assessed liquidated damages and interest for those months.

3.19  As of the date of this Complaint, Tesla Electric owes the Trust Funds $33,895.88, consisting of $21,575.17 in fringe benefit contributions for the months of May 2024, $7,764.20 in liquidated damages and $3,684.54 in accrued interest for the months of May 2024, July 2024, September and October 2024, December 2024, and April 2025, plus attorney fees and costs of collection. Of those amounts, $3,154.79 are vacation contributions withheld from Tesla Electric's employee paychecks.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1  The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

4.2  Tesla Electric's failure to fully pay fringe benefit contributions constitutes breaches of the terms of the labor and trust agreements between the Union and Tesla Electric, to which the Trust Funds are beneficiaries and/or parties.

4.3  As a result of Tesla Electric's breaches, the Trust Funds have been damaged in an unknown amount to be proven at trial but not less than $21,575.17.

### Second Cause of Action
### (Violation of ERISA)

4.4  The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

COMPLAINT FOR MONETARY DAMAGES – 8
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA 99201
(509) 326-1552

4.5     Tesla Electric's failure to properly pay fringe benefit contributions constitutes violations of §515 ERISA, codified at 29 U.S.C. §1145.

4.6     As a result of Tesla Electric's failure to properly pay fringe benefit contributions, the Trust Funds have been damaged in an unknown amount to be proven at trial but not less than $21,575.17.

### Third Cause of Action
### (Breach of Fiduciary Duty)

4.7     The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

4.8     As the owner – and upon information and belief – the decision-maker as to Tesla Electric's finances, Defendant Tomlinson is responsible for Tesla Electric's reporting and payment of fringe benefit contributions to the Trust Funds.

4.9     Defendant Tomlinson, for purposes of ERISA, is a fiduciary of trust fund assets, because she exerted control over employee deductions withheld for payment to the Trust Funds.

4.10    Defendant Tomlinson has failed to turn over trust fund assets, consisting of at least $3,154.79 in employees' vacation pay.

4.11    Defendant Tomlinson's failure to remit trust fund assets are breaches of fiduciary duty under ERISA and those breaches have damaged the Trust Funds in an amount to be determined at trial, but not less than $3,154.79.

### V. REQUESTED RELIEF

The Plaintiff Trust Funds respectfully request the Court grant the following relief against Tesla Electric and Tomlinson:

COMPLAINT FOR MONETARY DAMAGES – 9
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA 99201
(509) 326-1552

A. Judgment in favor of the Trust Funds against Tesla Electric, in an amount to be determined at trial, but not less than $33,895.88, representing past-due and delinquent fringe benefit contributions, liquidated damages, and accrued prejudgment interest for the months of May 2024, July 2024, September and October 2024, December 2024, and April 2025, and owed by Defendant Tesla Electric pursuant to the terms of the labor and trust agreements to which Tesla Electric is a party:

   1. $21,575.17 in delinquent fringe benefit contributions;

   2. $7,764.20 in liquidated damages; and

   3. $3,684.54 in prejudgment interest through the date of the complaint.

B. Judgment in favor of the Trust Funds against Tesla Electric, in an amount to be determined at trial, representing additional accrued prejudgment interest owed by Defendant Tesla Electric from the date of the complaint until the date of entry of judgment;

C. Judgment against Defendant Tomlinson, individually, for joint and several liability with Tesla Electric in an amount to be determined at trial, but not less than $3,154.79, representing the vacation withheld from employee paychecks and not remitted to the Trust Funds.

D. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Tesla Electric is a party, and as authorized under ERISA;

E. An award of post-judgment interest at the 12% rate specified by the applicable trust agreements, and as authorized under ERISA; and

F. Any other such relief under federal law or as is just and equitable.

Dated: September 2, 2025.        TURNER, STOEVE & GAGLIARDI, P.S.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
201 W North River Drive, Suite 190
Spokane, Washington 99201
(509) 326-1552 (t)
jeffreym@tsglaw.net

Counsel for Plaintiffs
Puget Sound Electrical Workers Trust Funds

COMPLAINT FOR MONETARY DAMAGES – 10
2:25-cv-01684

TURNER, STOEVE & GAGLIARDI, P.S.
201 W North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552